DA 11-0516

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 73N

ROBERT GLEN PLEBST,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 11-778
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert Glen Plebst, self-represented, Shelby, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:   March 21, 2012
Decided:   April 3, 2012

Filed:

_____
                 Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Robert Glen Plebst (Plebst) appeals an order of the Fourth Judicial District Court, Missoula County, denying his petition for postconviction relief ("Petition") as time-barred. We affirm.

¶3     On November 3, 1997, after pleading guilty to felony assault, Plebst was sentenced to 10 years at the Montana State Prison plus an additional 10 years, to run concurrently, for use of a dangerous weapon during the commission of the offense. The additional 10 years for the use of a dangerous weapon was suspended subject to certain conditions. Plebst did not appeal.

¶4     Plebst's suspended sentence was revoked twice. On May 19, 1999, Plebst was sentenced to 10 years at the Montana State Prison, with 6 years suspended. On May 20, 2005, Plebst was sentenced to 6 years at the Montana State Prison. Plebst did not appeal from either of these judgments.

¶5     On June 13, 2011, Plebst filed his Petition in the District Court, alleging ineffective assistance of counsel, ineffective assistance of appellate counsel, failure of the prosecutor to disclose evidence, due process violations, and that newly discovered evidence existed. The newly discovered evidence appears to be that Plebst discovered his 1997 trial files were

2

destroyed by the Office of the Public Defender (OPD) pursuant to their records retention policy.

¶6      We review the denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, 88 P.3d 1285.

¶7      Section 46-21-102, MCA, provides:

(1) Except as provided in subsection (2), a petition for the relief referred to in 46-21-101 may be filed at any time within 1 year of the date that the conviction becomes final. A conviction becomes final for purposes of this chapter when:
(a)  the time for appeal to the Montana supreme court expires;
(b)  if an appeal is taken to the Montana supreme court, the time for petitioning the United States supreme court for review expires; or
(c)  if review is sought in the United States supreme court, on the date that that court issues its final order in the case.
(2)  A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Plebst had one year from the date his conviction became final to file his Petition. Section 46-21-102(1)(a), MCA. Plebst's Petition is time-barred under any possible calculation. The

3

destruction of his 1997 file by OPD is not newly discovered evidence that would establish Plebst did not engage in the criminal conduct for which he was convicted, and is not grounds for postconviction relief.

¶9     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS